# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3574 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Flextronics International P.A., Inc vs. James M. Copas, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [4-1] is granted in part and denied in part. The RICO counts are both dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 11 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| RO | courtroom deputy's initials | 2004 JUL 28 PH 2:07 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL P.A., INC., | )<br>)<br>) |
| Plaintiff, | )<br>) No. 04 C 3574 |
| v. | )<br>) Judge Ruben Castillo |
| James M. COPAS and<br>Cynthia C. ZANELLA, | )<br>)<br>) |
| Defendants. | ) |

DOCKETED
JUL 28 2004

JUL 28 2004

## MEMORANDUM OPINION AND ORDER

Flextronics International P.A., Inc. ("Flextronics") sued James Copas ("Copas") and his wife Cynthia Zanella ("Zanella"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d). Flextronics further alleges various state-law violations. Copas and Zanella now move to dismiss the two RICO counts under Federal Rule of Civil Procedure 12(b)(6) and request the Court to decline to exercise supplementary jurisdiction over the state-law claims. For the reasons stated below, we dismiss the two RICO counts, but do not dismiss the state-law claims. Flextronics is incorporated in California and Copas and Zanella are citizens of Illinois. Thus, we have diversity jurisdiction over the state-law claims under 28 U.S.C. § 1332. Accordingly, Flextronics's motion to dismiss is partially granted and partially denied. (R. 4-1.)

## RELEVANT FACTS

Flextronics hired Copas in late 2000 and in early 2002 asked him to sell eight of its properties. Between August 2003 and February 2004, Copas—using the U.S. mail and wire systems—sold two of these properties and attempted to sell the remaining properties to Zanella

for considerably less than what other buyers had offered. For example, he rejected an offer for one of the properties that was more than $400,000 more than what Zanella actually paid. He never informed Flextronics that he was married to Zanella; instead he simply referred to her as the "buyer." In March 2004 after discovering Copas's actions, Flextronics fired him.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). The court must view all alleged facts, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). A complaint will not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts warranting relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). A civil RICO plaintiff must comply with Federal Rule of Civil Procedure 9(b) and describe with particularity the underlying predicate acts. *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). Therefore, a court's review of a RICO count is limited to the properly-pled predicate acts.

## ANALYSIS

Flextronics asserts that Copas and Zanella violated 42 U.S.C. §§ 1962(c) and (d). In order to allege a violation of these RICO sections, Flextronics must allege, among other things, that Copas and Zanella engaged in a pattern of racketeering activity. *See Midwest Grinding*, 976 F.2d at 1026. Copas and Zanella assert that both RICO counts should be dismissed because Flextronics failed to allege a pattern of racketeering activity.[1] In order to allege a pattern, a

---

[1] We do not address their other arguments because this issue is dispositive.

plaintiff must allege multiple related predicate acts that "amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 238-39 (1989). The parties do not dispute that the predicate acts, in this case ten mail and wire fraud acts, relate to each other. They only dispute whether the predicate acts establish continuity, *i.e.*, whether they "amount to or pose a threat of continued criminal activity."

There are two types of continuity: closed-ended and open-ended. *Id.* at 241. Closed-ended continuity refers to a "closed period of repeated conduct," while open-ended continuity refers to conduct that "projects into the future with a threat of repetition." *Id.* There is no open-ended continuity in this case because Copas and Zanella's conduct does not project into the future. Copas no longer works for Flextronics, so there is no threat of repetition. In order to determine whether the predicate acts establish closed-ended continuity, we must consider: (1) the length of time over which the predicate acts occurred; (2) the variety of predicate acts; and (3) the number of predicate acts, victims, schemes, and distinct injuries. *Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988); *Morgan v. Bank of Waukegan*, 804 F.2d 907, 975 (7th Cir. 1986).

The length of time over which the predicate acts occurred is the most important factor. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 780 (7th Cir. 1994). The predicate acts in this case occurred over seven months' time: from August 2003 until February 2004. Flextronics asserts that the relevant time period is much longer because Copas's scheme started in early 2002 when it asked him to sell the properties. The Seventh Circuit, however, has consistently described this factor as the length of time over which the predicate acts occurred, and not as the duration of the scheme. *See Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1049 (7th Cir. 1998); *Morgan*, 804 F.2d at 975. Therefore, we find that the relevant time

3

period is seven months.[2] The Seventh Circuit has stated that a time period of less than nine months is unlikely to establish closed-ended continuity, *Vicom*, 20 F.3d at 780, so this factor does not indicate that Flextronics alleged closed-ended continuity.

The remaining factors also indicate that Flextronics's complaint does not allege closed-ended continuity. First, the alleged predicate acts are all mail and wire fraud. The Seventh Circuit does not consider mail and wire fraud predicate acts as well-varied. *See Hartz v. Friedman*, 919 F.2d 469, 473 (7th Cir. 1990). Next, there are ten predicate acts, but the number of predicate acts is only "tangentially related to the underlying fraud." *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 632 (7th Cir. 2001) (quoting *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1278 (7th Cir. 1989). Finally, there is only one victim: Flextronics; one scheme: a scheme to deprive Flextronics of property; and one distinct injury: Flextronics's property deprivation.[3]

In sum, we find that Flextronics has not alleged a pattern of racketeering activity because it did not allege closed-ended continuity. Ten predicate acts of mail and wire fraud within a seven month period in furtherance of a single scheme that caused a distinct injury to a single victim do not constitute closed-ended continuity. *See Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001) (citing *Vicom* and *Pik-Coal Co. v. Big Rivers Elec. Corp.*, 200 F.3d 884,

---

[2] We would reach the same result even if we agreed that the relevant time period is closer to two years.

[3] Despite the fact that Flextronics acknowledges that there was "one overall objective," Flextronics asserts that each below-market sale of Flextronics's property caused a distinct injury and that each sale and attempted sale constituted a separate scheme to defraud. Even granting Flextronics all reasonable inferences, we do not think that the alleged scheme and associated injuries should be sliced and diced in this manner. *See Vicom*, 20 F.3d at 782 ("[I]dentical economic injuries suffered over the course of two years stemming from a single contract were not the type of injuries which Congress intended to compensate via the civil provisions of RICO."). Even if we found multiple schemes and injuries, we would reach the same result.

890 n.10 (6th Cir. 2000)). "Simply put, we do not believe that Congress intended RICO to apply to allegations of fraud such as this absent a showing of criminal activity which presents a more significant social threat." *U.S. Textiles, Inc. v. Anheuser-Busch Cos., Inc.*, 911 F.2d 1261, 1269 (7th Cir. 1990) (internal quotations omitted).

## CONCLUSION

For the reasons provided above, we partially grant and partially deny Flextronics's motion to dismiss. (R. 4-1.) Accordingly, we dismiss both RICO counts.

ENTERED:

Judge Ruben Castillo
United States District Court

**Date: July 28, 2004**

5